May it please the court, Stacey Schesser on behalf of appellant, I would like to reserve three minutes for rebuttal. This court should reverse the district court's decision because state inmate Thomas McCoy received all the federal process he was due. Following Swarthout v. Cook and under EDPA, the only question remaining in this case is whether the state court decisions denying habeas relief were objectively unreasonable. Here a fair-minded jurist would not reach that conclusion because McCoy received an opportunity to be heard and a statement for reasons for why he was denied parole. Well, the unbanked court, they didn't really say, the three-judge court, as it were, which was a split decision, they gave their reasons, but the unbanked court really didn't give any reasons. Isn't he entitled to that? Your Honor, in cases when a panel splits, the proposed decision is then referred to the board sitting en banc, and the en banc panel indicated, quote, that it considered this split decision, and by majority vote, an up or down vote by the full board, it found McCoy unsuitable for parole. Do you have some regulations which tell us about the referral which you just made reference? I mean, some regulation saying when there's a split decision, that decision is sent to the en banc panel? Yes, Your Honor. It's in the penal code section that was in effect at that time, penal code section 3041. 3041. All right. And it is implicit that the en banc board voted and the majority affirmed the unsuitability finding, thereby adopting the same reasons as the board commissioner who denied parole. Well, it means they denied parole, but a lot of times, I mean, we similarly sit en banc, and we go from, and when we review the three-judge, you know, a lot of times we may reach the same bottom line, but we don't reach it for the same reasons. So he's entitled to know the reasons that he was denied parole. So how do we, I mean, they could have just said we deny parole for the same reasons that the majority did, and that would have been all that they would have had to do, but they didn't do that. Admittedly, it could have been slightly more clear. However, no legal authority requires that McCoy receive an additional or another layer of process. But isn't the point you're just supposed to know why you were denied parole so that the next time you come up for parole, you know what you've got to work on? But under AEDPA, the State court's decisions were not so objectively unreasonable here, because the record indicates that the en banc board could rely or could adopt the same reasons that the panel who rejected or found Mr. McCoy unsuitable for parole. It's an implicit finding. What is the prisoner entitled to by way of due process? Greenholz establishes that he's only entitled to an opportunity to be heard and a statement for reasons. And because that is clearly found in this record, he's supposed to have an opportunity, and he got it. Yes. And he's entitled to a statement of reasons why it's denied. But he never got a statement of reasons. The statement of reasons that he received was during the board hearing when the different panel commissioners gave their reasoning for why one panel member found he was suitable, one panel member found he was unsuitable. And the reasons for his unsuitability were directly given to him on the record. And the majority – excuse me, the en banc panel voted by majority to adopt the same reasonings, same reasonings as that was proffered by the commissioner. Now, where do we find in the record a statement that was given to him of the reasons for the denial of parole? The statements that were given on the record during the transcript from the board hearing are those reasons. Do you think that's sufficient, or should he have some specific reasons given to him, a document of some type? Don't you usually do that? I'm sorry? Don't you usually give the prisoner a document of some type stating the reasons? At that – at that time, this was the practice. It was simply an up or down vote in terms of whether or not he would be found suitable or unsuitable. And it was – it's implicit that they were adopting the same reasons that were stated on the record by the panel commissioner. Okay. But today, being educated by all of our case law, don't you give a document to the prisoner that states the reasons? Yes, Your Honor. Yes, Your Honor. Since this time – Isn't that the way the due process complied with? At this time, the penal code has been amended, so that penal code section E requires that the en banc board give a more descriptive reasons for why they're denying parole. They often do mirror the same reasons that were stated on the record. Well, it's nice that they finally caught up with the reasons, but it's the due process clause that replaces the requirement that we look at, right? Correct. So why shouldn't the district court require the prisoners to give him a statement of reasons? At this point in time, Your Honor? Sure. It would be logically impossible for some of those commissioners who sat on the en banc board to go back and determine what reasons they were relying on when they denied or they were found unsuitable. So if it's impossible to comply with due process, how do we handle it? The best process – the best remedy for this situation is to give him the process to which he is entitled. And so here, there's one of two ways. He could have another hearing in which his parole suitability would be considered by the board. And since the time of this hearing, he has had two hearings. So arguably – So why isn't it moved? It may very well be moved to the – But you haven't argued that, right? No. But, okay, so if we say he didn't get due process and we give him another hearing, he's had two subsequent hearings, and so why isn't it moved? It could arguably be moved at this point because of the way the case law has changed since the time at which the district court issued its ruling. Well, why do you think it's not moved? What – I would argue, Your Honor, yes, that it would be moved because at this point in time, Mr. McCoy has received two parole suitability hearings that have further stated the reason that he has been denied parole. And so if he – if any due process violation had occurred in the past, that has since been remedied by those two subsequent hearings in which the – It's only been remedied if in the two subsequent hearings he was given a reason for his denial. And on – and those transcripts would, assuming – They're not before us. No, Your Honor. They're not in the record. Well, they may be important – not important, but if it violates the Constitution, it's something that we have to worry about. What do we do with – just recently in this Farfalk v. Cook case, the Supreme Court let us know that we aren't to be dealing with the merits of these issues, only the procedure. That's correct. So where does that leave us as far as this particular case is concerned, where arguably the due process clause was not complied with because he didn't get a separate statement of reasons? The question is to – in order to remedy the situation, is a procedural right. And so it would be to afford him the same procedural protections that are established in Cook and which were affirmed – established in Greenhalth as affirmed by Cook. And so how do we do this? He's had two additional hearings, but we're worried about the due process violation three ago. You're not arguing mootness. How do you argue that you complied with the requirements of due process of giving a separate statement of reasons? I would argue that the best remedy would be for a new statement of reasons by the en banc panel, if that is something that the Court wishes the en banc panel to do, although it won't be the same en banc panel. Or wishes the district court to do. To order the district court to do, is for the en banc panel to issue a more clear definitive statement of reasons. There's a possibility that I don't think you've considered. If the district court were to order the panel to state the reasons that they had for denial some years ago, and they're not the same members of the panel as were there then, and even if you could get those members and reconvene them somehow, and if they've forgotten, and they can't state a reason, they don't know a reason, he gets habeas right. The best remedy would be to give him another parole consideration, then. If his constitutional right to have a reason has been violated, aren't we, isn't the district court required to grant the right of habeas? But here, Your Honor, I'd like you to direct you back to this, to AEDPA, which clearly states that it's whether or not the State court decisions were so objectively unreasonable. And it doesn't seem that this would be such a malfunction, because there are statement of reasons in the record. The board panel member gave adequate reasons, sufficient to satisfy Greenholtz in this case. But if we find that he wasn't told the reasons adequately, isn't the remedy that he gets his writ and he walks? No. The remedy would be to provide him the procedural due process, and that would be to only have him allow to have another parole consideration hearing, to allow him to be released would certainly trample on the Governor's right to also review his parole suitability, which is enshrined in the California Constitution. Allowing him to just be released would violate the Governor's legal authority to also consider his parole suitability. All right. Unless there's further questions by the panel, the time's expired. I'll give you one minute for rebuttal. Thank you. We've used all of your time for questions. Good morning. Good morning. My name is Vicki Buchanan. I'm here on behalf of Mr. Thomas McCoy. The United States Supreme Court recently said in Harrington v. Richter that the purpose of habeas corpus is to guard against extreme malfunctions of State criminal proceeding. It's Federal law, and that's what it guards against. In this particular case, there was an extreme malfunction of the system for Mr. McCoy from the day he had his hearing, which relied on the some evidence standard, which we now know we're not allowed to talk about anymore, to the hearing, the en banc hearing, which this Court has been discussing, to the incredible factual findings by the State court in which they relied upon the psychological report of another entirely different person. So if there was ever So when you have all of these, of course, your concern, and the concern, according to the Supreme Court now, is with the State court. And as they said, it's no business of the Ninth Circuit. Pretty clear direction that we don't get into that type of the argument. I understand your argument, but I don't think we have any jurisdiction over that anymore. If we're going to follow Swarthart v. Cook, we're only going to be dealing with procedure. And the district court, because he had not yet had the opportunity of being directed by the Supreme Court on the issue, was doing just what you wanted him to do. But we now find that he was wrong. So there's no way we can affirm, as I see it, what the district court did in this case. The issue is, how do we get the district court back into looking at procedure, which Swarthart directs us, and not into whether the merits was right or wrong in the California process? Well, first of all, I think that there is a separate ground under 2254d-2, which is lack of evidence. And that doesn't go to procedural due process as much as it goes to fundamental fairness. You know, if you're going to like to say that, I'm going to weigh in with Judge Wallace on that. You can spend some time on that. But I really think that the Supreme Court's been pretty clear with some of the Ninth Circuit habeas, how the Ninth Circuit doesn't get habeas. And it's made it pretty clear what we're supposed to be reviewing. And I think that Judge Wallace has given you a very accurate, limited review that we're looking through, and the deference that's required. So, you know, I think your time, certainly with the two people that have spoken in at this point, would be better spent telling us what process is he entitled to. Well, my opinion is he's entitled to have had a statement of reasons back six years ago when he was before the Enman panel. One judge, one of the Commissioners said, yes, he is entitled to parole. The other one said, you are very, very, very close to parole. And so he needed to have a decision by the board to tell him what it is that he can do to receive parole. And now he's had two other hearings where that aren't before us, but he was denied parole. So what is the, you know, I know from my perspective the remedy isn't to grant the writ, but the remedy is what do you, does he get another hearing, does he, what do we tell the district court to do? Well, there's no practical remedy for him to go back to the same system that was broken on him before. I know what was in those subsequent hearings, but I can't disclose that. But it's certainly, his record has not been blemished one bit since he's been in court, since he's been in prison. Not one single bit, nothing has happened, not a single disciplinary write-up in the last six years. He gets to go back to the same judicial system that he went through before, that he's been through two times. Sotomayor, but I mean, what you want is to go back in time without parole. I want him released. Well, okay. Do you agree we don't have power to do that? No, I don't. I think that, I don't think that there's anything that's.   And that's the situation in Southworth where the court says it's none of our business what you're asking us to do. That is anything other than procedural process. Okay, he's been denied due process under the United States Constitution. He has been denied due process under the U.S. Constitution. He's entitled to have his statements of reasons. That's what Greenholz held. Correct. But we, do you suggest that because they didn't get the statement of reasons, I agree with you there, that we would release him on parole? We'd give an order that he has to be released on parole? What do you, what do you suggest we tell the district court? We tell the district court that the district court is wrong because of this later case. But what do we tell the district court to do? I don't know that you cannot order him released because he's, everything else is California law. Everything else you're talking about is California law. Remanding, if you go back to remand for another hearing, then that's the Prather decision, which is once again stepping into California law. I understand. They told us that that's none of the business of the Ninth Circuit. Exactly. Supreme Court. Exactly. It's none of the business to apply California procedures. But I don't know that there's anything that says habeas, the reason for habeas is to get people out of the custody when they're wrongly held. I don't think there's anything in this California system that we're pushing him back into or keeping him in that's going to remedy that situation. No, we're not pushing him back. Well, I know, but keeping him there, keeping him in there. I think Swarthout said clearly he was entitled to some reasons why he was denied parole. Correct. Now, how do we overcome that one problem? Do we go back and ask the district court to order them to give the reasons, non-protonque? Well, next to not letting him out of prison, I would suggest that he go back and based on the record that was before the en banc panel at that time, go to yet another en banc panel, a new en banc panel, and have them determine whether or not based on that record. Well, do you disagree with what counsel for the government says in that what I'm hearing her argument to be is that they orally told him the reasons, they just didn't put it in writing and give him a piece of paper. Do you disagree with that? I totally disagree with that. Well, what do you say the record says? The record says a one paragraph denial by the en banc board that said that we're denying it at this time. Well, but the transcript of? That was one commissioner versus another commissioner. And the reason that one commissioner denied it at the time was because he said that, well, you're very, very close, but I'm a little uncomfortable with your plans when you get out, and I'm not really happy with the way you expressed your remorse today. So that's what was based on that one particular commissioner. Now, we don't know if the en banc panel that got this decision got the same wrong psychological report that the district – I mean, that the superior court got. We don't know what that panel received. The transcript of the en banc panel? No. My client requested a transcript. He requested a statement of reasons. He requested something, and they refused to give it to us. Well, what's the government's lawyer talking about then? She's talking about the commissioner, one commissioner, the dissenting commissioner at the original hearing. So she's talking about the three judges? It was actually just two commissioners. Two commissioners? So she's talking about the commissioner that said, gee, I'm not comfortable with your plans. So there is no transcript of – how many are in the en banc? I'm not sure. I think there can be – it says all of the remaining commissioners, and there's – I don't know. The government may know how many there are. My assumption is it's eight or ten, something like that. And that's totally a guess. Okay. So, at any rate, I think that this Court is the only hope that Mr. McCoy has to get out of the treadmill he's on in the state system. He's been there for 30 years for a crime he committed when he was 17 years old, 16 years old. The only real altercation he ever had with the law, and his record up until the time of this hearing and beyond is impeccable. Thank you. Your Honor, just briefly, I believe that there are nine en banc – nine commissioners that sit en banc, which is why they were able to vote by a majority in this situation. So there is no transcript. I understood you to say that there was a transcript of the en banc proceedings, and so we knew what the reasons were. So you're going back to the original proceedings? Yes, the original hearing proceedings. And, Your Honors, the remedy here is not to release Mr. McCoy on parole. The Supreme Court was quite clear that Federal courts need to defer to State court decisions so long as they were not objectively unreasonable, and the State's abilities to administer the criminal justice system. And here, to order the district court to grant the writ and release Mr. McCoy would  be the best remedy, because that's the only procedure that he would be entitled to under Supreme Court law. And what if they can't do it? They could refer to the same record that was, as counsel said, that was before the Board.    the Board. It will definitely be a different panel of different commissioners, because this is a dated decision, but the record is still the same. And do you agree that if the reconstituted or the present en banc panel of nine commissioners were to candidly say we have no idea why the prior panel turned it down, what then? Then he would walk? No, the decision would likely go to the Governor. It would be deemed to go to the decision review unit, a decision review unit. There's additional processes that would have to happen. He would not. The Governor could take the fall. Yes. Correct. Thank you. This matter stands submitted. Thank you both for your argument. United States of America versus Travis Pope, case number 11-10311.
judges: Wallace, Callahan, Bea